UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

LA FAMILIA NETWORK, INC.,

    Plaintiff,

    v.

THE INSPIRATIONAL NETWORK, INC.

    Defendant.

Civil Action No. 3:06-CV-373

STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Stipulated Protective Order shall govern the handling of confidential information and documents in this proceeding. The ultimate disposition of protected material shall be subject to a final order of the court upon completion of the litigation.

1.    <u>Designation of Protected Subject Matter Materials</u>.

Each party to this litigation who produces or discloses any document, thing, interrogatory, answer, deposition transcript, or information which the producing or disclosing party wishes to be subject to this Stipulated Protective Order (hereinafter referred to as "protected subject matter") may designate the same or pages from the same as "Confidential". The entry of this Stipulated Protective Order in no way limits or waives a party's right to make objections to discovery requests pursuant to the Federal Rules of Civil Procedure.

2. Definition of Protected Subject Matter.

The term "protected subject matter" shall mean information and things which constitute actual or alleged trade secrets, proprietary data and/or commercial or proprietary financial information, including (i) financial, investment, management, corporate decision making, profit or asset information, (ii) pricing, production, special formulas, company security, royalty, sales, commercial, customer, marketing or advertising information, (iii) terms and conditions of cable licensing agreements, or (iv) other information which the designating party has actually received and maintained in confidence or in which the designating party has a legally protected right to privacy. Protected subject matter shall not include (1) public domain information or (2) information for which reasonable efforts have not been exercised to maintain its secrecy or confidentiality.

3. Visibly Marking Materials.

With respect to protected subject matter produced or disclosed under this Stipulated Protective Order, all tangible items of protected subject matter so designated must be visibly marked by the producing or disclosing party as "Confidential" to be subject to this Stipulated Protective Order, unless otherwise agreed by the parties in writing. Designation of the confidentiality of a particular item or document shall not be made in a manner to render any part or portion of the produced item illegible or obliterated.

4. Handling Protected Subject Matter Materials.

Protected subject matter designated as "Confidential" shall not be disclosed by the receiving parties to anyone other than those persons designated in this paragraph, and shall be handled in the manner set forth below.

    a. Information designated "Confidential" may only be viewed by the following:

(1) Designated employees of the receiving party who are necessary to the preparation of that party's case.  The form attached hereto as Exhibit A must be signed by each such designated employee and served on all parties prior to any disclosure to such employees.

(2) Outside counsel of record for such party, including their associates, clerks, paralegals, and assistants.

(3) Consultants and experts retained in this action by a party.  The form attached hereto as Exhibit A must be signed by such experts and the form maintained by such party's outside counsel.

(4) Persons identified in the document as an author or recipient.

(5) Witnesses who are provided with copies of such information or documents in depositions who sign a copy of Exhibit A hereto.

b. The parties acknowledge that there may be limited categories of information and documents for which additional protection may be appropriate, such as limiting disclosure to the attorneys acting on behalf of the parties and experts who need access to such information.  Such information and documents could include, for example, current marketing plans, current business plans, tax returns, financial statements, and other particularly sensitive commercial information.  Each party shall have the right to designate such information and documents as "Attorneys' Eyes Only."  Information and documents designated "Attorneys' Eyes Only" may only be disclosed by the receiving party (i) to one in-house counsel, who shall have first signed a copy of Exhibit A, and (ii) to those persons identified in subparagraphs 4(a)(2), 4(a)(3) and 4(a)(4), above, who shall have first signed a copy of Exhibit A.

5. <u>Retention of Protected Subject Matter Materials</u>.

(a) Except as provided for in this paragraph, all copies of information or documents obtained through discovery that are designated "Confidential" or "Attorneys' Eyes Only" shall be maintained only at the office(s) of legal counsel and/or outside accounting firms representing the discovering party and/or at the office(s) of any experts or consultants, not regularly employed by any of the parties whose advice and consultation are being or will be used by the parties in connection with preparing for the litigation. However, copies of information or documents obtained through discovery that are designated "Confidential" shall only be permitted to leave the premises of the law firm receiving such documents, the law firm of co-counsel or the office of an accounting firm, expert or consultant retained by a party, if necessary, for an authorized purpose in the litigation. Consultants and experts retained in this action by the parties may have custody of protected subject matter only during the pendency of this litigation and shall return all originals and copies to counsel for the producing party at the termination of the litigation.

(b) Within sixty (60) days after the conclusion of this action, each party receiving materials containing protected subject matter shall certify in a letter that all documents, objects, and other materials produced or designated as "Confidential" or "Attorneys' Eyes Only" under this Stipulated Protective Order, and all reproductions thereof, has been returned to the producing party or destroyed; however, counsel for a party shall be permitted to retain in its files copies of all papers and documents filed with the Court in connection with this action and documents marked as trial exhibits or as exhibits to affidavits or depositions. Should legal counsel have written his or her notes on any protected subject matter, then the protected subject matter bearing such notes may be destroyed at the option of the party whose counsel made notes on the protected subject matter. If the party producing the protected subject matter requests that the protected subject matter be destroyed or if protected subject matter is destroyed as a result of the fact that it bears the notes of counsel, the party destroying the information shall provide a

written certification under oath and notarized from the person destroying the protected subject matter that the protected subject matter required to be destroyed by this paragraph has been destroyed. The original copy of such certification shall be provided to counsel of the party who requested that the protected subject matter be destroyed within ten (10) days of the destruction of the protected subject matter. Notwithstanding the foregoing, counsel will use reasonable efforts to purge electronic documents from their systems within a reasonable period of time and to maintain their confidentiality until such time as they are purged through counsel's normal electronic document retention and disposal systems.

The termination of proceedings in this Action shall not relieve the parties from the obligation of maintaining the confidentiality of all documents and information designated as "Confidential" and "Attorneys' Eyes Only" pursuant to this Stipulated Protective Order, subject to modification by any court.

6. <u>Confidential Information Disclosed in Court Proceedings</u>.

In the event that any "Confidential" or "Attorneys' Eyes Only" document or information derived therefrom is included with, or the contents thereof are disclosed in, documents filed with a court, including, without limitation, any pleadings, motion papers, briefs, memoranda, or deposition transcripts, said documents and information shall be filed under seal.

7. <u>Inadvertent Disclosures</u>.

The inadvertent or unintentional disclosure by a supplying party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to specific information disclosed or as to any other information relating thereto or the same or related subject matter.

8. This Stipulated Protective Order shall not bar attorneys for the parties from in a general way referring to or relying upon his or her examination of protected subject matter produced or exchanged in the course of rendering advice with respect to this Action.

9. This Stipulated Protective Order supersedes any previous arrangement for confidentiality entered into by counsel for the parties. However, the obligations incurred under such prior agreements are not altered or suspended except as modified herein.

10. In the event that this Stipulated Protective Order is not entered by the Court for any reason, the terms of this document shall nevertheless be binding on the parties and shall govern the use and disposition of any documents produced or information disclosed by a party pending the entry of the Stipulated Protective Order.

11. <u>Objections to Confidential Designation</u>.

a. Unless and until otherwise ordered by the Court, or otherwise agreed by the parties, all documents and other discovery material designated as "Confidential" or "Attorneys' Eyes Only" shall be treated as containing confidential information under this Stipulated Protective Order. In the event that any party objects to the designation of any document as containing "Confidential" or "Attorneys' Eyes Only" information, after the parties have attempted to resolve their disputes in good faith on an informal basis, the party objecting to the designation may move to redesignate the document in question. A party objecting to a "Confidential" or "Attorneys' Eyes Only" designation shall give written notice of such objection and continue to maintain the documents as "Confidential" or "Attorneys' Eyes Only", as appropriate, until the parties have resolved the issue or until the matter has been resolved by the United States Magistrate Judge or the United States District Court Judge assigned to the matter. The burden of proof shall be on the objecting party to establish that the document does not contain "Confidential" information, but the burden of proof shall be on the party claiming that

the document or information is "Attorneys' Eyes Only" information pursuant to the Federal Rules of Civil Procedure.

      b.     In the event that any party to the Action files a motion seeking to show good cause to change the designation of any document designated as "Confidential" or "Attorneys' Eyes Only", the documents or information at issue shall be submitted to the Court for in camera inspection accompanied by the parties' respective arguments and legal positions.

      c.     A party shall not be obligated to challenge the propriety of a "Confidential" or "Attorneys' Eyes Only" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

12. <u>Preservation of Objections.</u>

Notwithstanding any other provision herein, all objections as to admissibility in evidence of the discovery material subject to this Stipulated Protective Order are reserved and are not waived by any terms of this Stipulated Protective Order.

13. <u>Relief From Terms of Stipulated Protective Order.</u>

Any party to this Action or any affected person may seek the permission of any producing party or any order of the Court for relief from the terms of this Stipulated Protective Order, or for imposition of additional protections with respect to any confidential information.

14. <u>Discovery Obligations.</u>

The procedures set forth herein shall not relieve a party of the necessity of making timely responses or objections to discovery requests. Nothing herein shall be construed as affecting the obligation of the producing party or the party seeking to uphold the "Confidential" or "Attorneys' Eyes Only" designation to show good cause for the protection of such information

under the Federal Rules of Civil Procedure, or shall be construed to prohibit any producing party or any party to this Action from seeking relief from any inadvertent and/or unintentional disclosure of "Confidential" or "Attorneys' Eyes Only" privileged, or work product information.

    15.    <u>Violations of This Stipulated Protective Order.</u>

In the event anyone shall violate or threaten to violate any terms of this Stipulated Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Stipulated Protective Order and the Court may award damages for the violation of this Stipulated Protective Order.

| | |
|---|---|
| By: /s/ Arthur J. DeBaugh | By: /s/ Allison G. Runge |
| Anthony T. Lathrop | Alice Carmichael Richey |
| NC Bar No. 15941 | N.C. Bar No. 13677 |
| tonylathrop@mvalaw.com | arichey@kennedycovington.com |
| Moore & Van Allen PLLC | Allison G. Runge |
| 100 North Tryon Street, Suite 4700 | N.C. Bar No. 27856 |
| Charlotte, North Carolina 28202 | arunge@kennedycovington.com |
| Telephone: (704) 331-1000 | Kennedy Covington Lobdell & Hickman, L.L.P. |
| Facsimile: (704) 331-1159 | Hearst Tower, 47th Floor |
| Arthur J. DeBaugh | 214 North Tryon Street |
| N.C. Bar No. 15831 | Charlotte, NC 28202-4006 |
| artdebaugh@mvalaw.com | Telephone: (704) 331-7400 |
| Moore & Van Allen PLLC | Facsimile: (704) 704-331-7598 |
| P.O. Box 13706 | Attorneys For Defendant |
| Research Triangle Park, NC 27709 | |
| Telephone: (919) 286-8000 | |
| Facsimile: (919) 286-8199 | |
| Attorneys for Plaintiff | |

    Signed: March 1, 2007

Graham C. Mullen
United States District Judge

# EXHIBIT A

ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER

I, _____, (print or type name) understand that in the course of my deposition, discovery or consultation in the lawsuit entitled, *LA FAMILIA NETWORK, INC. v. THE INSPIRATIONAL NETWORK, INC.*, Civil Action No. 3:06-CV-373 pending in the United States District Court for the Western District of North Carolina, Charlotte Division, I may be questioned about or shown documents or other information which one or more of the parties may have designated as "Confidential" or "Attorneys' Eyes Only," or projected subject matter. I hereby acknowledge that I have been advised of the existence of that Stipulated Protective Order entered in the above-referenced action, that I have been given a copy of the Stipulated Protective Order, that I have read and I understand the terms and conditions of said Stipulated Protective Order, and that I am bound by all of the provisions of the Stipulated Protective Order.

I agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina, for enforcement of this Stipulated Protective Order.

Dated: _____  By: _____
                                      (Signature)


                                    _____
                                      (Printed Name)